UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 252 PENSION PLAN, ELECTRICAL WORKERS LOCAL NO. 252 HEALTH & WELFARE PLAN, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NUMBER 252 DEFINED CONTRIBUTION/401(K) PLAN, ELECTRICAL WORKERS LOCAL NUMBER 252 APPRENTICE SCHOOL PLAN, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION 252 JOINT APPRENTICE TRAINING FUND, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 252 LABOR MANAGEMENT COOPERATION FUND, and INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 252,

Case No. 09-13729

Hon. Patrick J. Duggan

Plaintiffs,

v.

WISE ELECTRIC COMPANY, INC., a Michigan corporation, CHRIS A. WISE, an individual, and PATRICIA A. WISE, an individual, jointly and severally,

Defendants.

**ORDER TO DISMISS WITHOUT PREJUDICE, SUBJECT TO REINSTATEMENT AND ENTRY OF DEFAULT JUDGMENT**

---

Joy M. Glovick (P66961)
Conlin, McKenney & Philbrick, P.C.
Attorneys for Plaintiffs
350 South Main Street, Suite 400
Ann Arbor, Michigan 48104-2131
(734) 761-9000

---

**ORDER TO DISMISS WITHOUT PREJUDICE, SUBJECT TO REINSTATEMENT AND ENTRY OF DEFAULT JUDGMENT**

At a session of the Court held in the United States Courthouse in the Eastern District of Michigan, Southern Division on the 30th day of November, 2009.

PRESENT: Hon. Patrick J. Duggan
United States District Judge

This matter having come before the Court pursuant to the stipulation of the parties, as evidenced by a certain Stipulation to Entry of Order to Dismiss Without Prejudice, Subject to Reinstatement and Entry of Default Judgment filed in this matter (the "Stipulation"), and the Court being otherwise fully advised in the premises,

**IT IS ORDERED** that this action is dismissed without prejudice and may be reinstated as provided herein.

**IT IS FURTHER ORDERED** that this action is being dismissed without prejudice on condition of Defendants Wise Electric Company, Inc., Chris A. Wise and Patricia A. Wise (collectively, "Defendants"), jointly and severally, paying $16,734.66 to Plaintiffs, plus interest at the rate of six and 75/100 percent (6.75%) per annum beginning October 23, 2009, payable in installment payments as follows:

1. $3,094.10 on or before November 15, 2009.

2. $3,094.10 on or before December 15, 2009.

3. $3,094.10 on or before January 15, 2010.

4. $3,094.08 on or before February 15, 2010.

5. $2,200.00 on or before March 15, 2010.

      6. The remaining balance (which should be $2,443.63 including interest if all payments are timely made) on or before April 15, 2010.

The payments set forth above are hereinafter referred to as the "Installment Payments".

**IT IS FURTHER ORDERED** that the Installment Payments must be made payable to "IBEW Local 252 Collection Account" and received by Plaintiffs' attorney at 350 South Main Street, Suite 400, Ann Arbor, Michigan 48104-2131 on or before the due dates indicated above.

**IT IS FURTHER ORDERED** that Defendant Wise Electric Company, Inc. ("Wise Electric") shall timely file full, complete and accurate fringe benefit reports with respect to work performed on its behalf that is covered by the collective bargaining agreements (as defined in the Complaint filed in this matter) and timely pay all amounts due thereunder (the "Reporting/Payment Requirement").

**IT IS FURTHER ORDERED** that if (1) Defendants pay the Installment Payments when due, and (2) Wise Electric has complied with the Reporting/Payment Requirement as of April 15, 2010, then Plaintiffs shall promptly submit a Stipulation to Dismiss With Prejudice to Defendants for signature, and upon Plaintiffs' receipt of the signed Stipulation for Entry of Order to Dismiss With Prejudice from Defendants, Plaintiffs' counsel shall file the Stipulation for Entry of Order to Dismiss With Prejudice with this Court via the ECF system and submit a proposed Order to Dismiss With Prejudice for entry.

**IT IS FURTHER ORDERED** that if (1) Defendants fail to pay any of the Installment Payments when due, or (2) Wise Electric fails to comply with the Reporting/Payment Requirement at any time including or prior to April 15, 2010, then this action shall be reinstated and a default

judgment in favor of Plaintiffs and against Defendants shall be entered in accordance with the following: Plaintiffs' attorney shall file an affidavit with this Court (the "Affidavit") attesting to all of the following:

A. Defendants' default;

B The Installment Payments made by Defendants;

C. The interest accrued on the unpaid Installment Payments; and

D. The attorney's fees and costs incurred by Plaintiffs after October 21, 2009 with respect to the collection of fringe benefits and liquidated damages due from Wise Electric.

Contemporaneously with Plaintiffs' attorney's filing of the Affidavit with this Court, she shall send a copy of the Affidavit and the proposed default judgment, which shall be in the form attached hereto as Exhibit A and completed in accordance with the amounts attested to in the Affidavit (the "Proposed Default Judgment"), to Defendants by facsimile at (517) 787-2157 and by first class U.S. mail at 6611 Lansing Avenue, Jackson, Michigan 49201 (or such other facsimile number or mailing address as Defendants shall direct in writing to Plaintiffs' attorney). Upon filing with the Court of the Affidavit and a Certificate of Service showing compliance with the immediately preceding sentence, the Proposed Default Judgment shall be entered ten (10) days after the Affidavit and the Proposed Default Judgment are sent to the Defendants unless Defendants file an objection with the Court within that ten (10) day period. Any objection to the Affidavit or Proposed Default Judgment filed with the Court which is found to be frivolous will subject the party filing the objection to additional sanctions to be determined by the Court. The parties recognize that the attorney fees and

costs incurred by Plaintiffs as of October 21, 2009 with respect to the collection of fringe benefits and liquidated damages due from Wise Electric total $1,883.00, and that the amount of the Default Judgment will include the attorney fees and costs incurred by Plaintiffs after October 21, 2009.

**IT IS FURTHER ORDERED** that if a default judgment is entered against Defendants pursuant to this Order, then Defendants shall reimburse Plaintiffs for the attorney fees and costs incurred by them in collecting the default judgment.

**IT IS FURTHER ORDERED** that if a default judgment is entered against Defendants pursuant to this Order, then immediately upon entry of such default judgment, Plaintiffs may immediately pursue any and all legal post-judgment collection proceedings against Defendants.

        S/Patrick J. Duggan
        Patrick J. Duggan
        United States District Judge

Dated: November 30, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2009, by electronic and/or ordinary mail.

        S/Marilyn Orem
        Case Manager

C:\DOCUMENTS AND SETTINGS\OREM\LOCAL SETTINGS\TEMP\NOTES6030C8\ORDER.11.13.09.WPD

**Exhibit A**
**(to Order to Dismiss Without Prejudice,**
**Subject to Reinstatement and Entry of Default Judgment)**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 252 PENSION PLAN, ELECTRICAL WORKERS LOCAL NO. 252 HEALTH & WELFARE PLAN, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NUMBER 252 DEFINED CONTRIBUTION/401(K) PLAN, ELECTRICAL WORKERS LOCAL NUMBER 252 APPRENTICE SCHOOL PLAN, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION 252 JOINT APPRENTICE TRAINING FUND, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 252 LABOR MANAGEMENT COOPERATION FUND, and INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 252,

Plaintiffs,

v.

WISE ELECTRIC COMPANY, INC., a Michigan corporation, CHRIS A. WISE, an individual, and PATRICIA A. WISE, an individual, jointly and severally,

Defendants.

Case No. 09-13729

Hon. Patrick J. Duggan

**DEFAULT JUDGMENT**

---

Joy M. Glovick (P66961)
Conlin, McKenney & Philbrick, P.C.
Attorneys for Plaintiffs
350 South Main Street, Suite 400
Ann Arbor, Michigan 48104-2131
(734) 761-9000

---

**DEFAULT JUDGMENT**

At a session of the Court held in the United States District Court, Eastern District of Michigan, on the ___________ day of ____________________, 20___.

PRESENT: Hon. Patrick J. Duggan
U.S. District Court Judge

This matter having come before the Court upon the Plaintiffs' attorney's affidavit attesting to Defendants' default in the terms of a certain Order to Dismiss Without Prejudice, Subject to Reinstatement and Entry of Default Judgment entered in this matter (the "Order"), the Installment Payments (as that term is defined in the Order) (the "Installment Payments") paid by Defendants, the amount of interest accrued on the unpaid Installment Payments, and the attorney's fees and costs incurred by Plaintiffs after the date of the Order with respect to the collection of fringe benefits and liquidated damages due from Defendants (the "Affidavit"), and the Court being fully advised in the premises;

**IT IS ORDERED AND ADJUDGED** that a Default Judgment shall be and hereby is entered in favor of the Plaintiffs and against the Defendants Wise Electric Company, Inc., Chris A. Wise and Patricia A. Wise, jointly and severally, in the amount of $________________, less the $____________ in Installment Payments paid to-date by the Defendants as set forth in the Affidavit, plus the $__________ in accrued interest as set forth in the Affidavit and plus the $___________ in attorney's fees and costs incurred by Plaintiffs after October 21, 2009 with respect to the collection of fringe benefits and liquidated damages due from Defendant Wise Electric Company, Inc., all as set forth in the Affidavit, **for a total judgment of $___________**.

**IT IS FURTHER ORDERED** that interest shall accrue from the date of this Default Judgment as provided by 28 USC 1961.

**IT IS FURTHER ORDERED** that Defendants shall reimburse Plaintiffs for the attorney fees and costs incurred by them to collect this Default Judgment.

**IT IS FURTHER ORDERED** that Plaintiffs may immediately pursue any and all legal post-judgment collection proceedings against Defendants.

________________________________________
Hon. Patrick J. Duggan
U.S. District Court Judge